## WOLLENSAK *v.* REIHER.

*(Circuit Court, N. D. Illinois.* October Term, 1884.)

PATENTS FOR INVENTIONS—REISSUE—LACHES.

    Reissued patent No. 10,264, granted to John F. Wollensak for transom-lifters, *held* void by reason of his allowing eight years to elapse without applying therefor; following *Miller* v. *Brass Co.* 104 U. S. 350.

In Equity.

*Banning & Banning* and *L. L. Bond*, for complainant.

*Charles T. Brown*, for defendant.

GRESHAM, J. The bill avers that on the tenth day of March, 1874, patent No. 148,538 issued to the complainant for a new and useful improvement in "transom-lifters;" that afterwards, finding this pat

ent to be inoperative and invalid, by reason of defective specifications arising through inadvertence, accident, or mistake, without any fraudulent or deceptive intention on his part, the complainant surrendered it, and on December 26, 1882, caused to be issued to him reissued patent No. 10,264; that he applied for the reissued patent in good faith; that he believed no person, firm, or corporation not acting under his authority ever began the manufacture, sale, or use of transom-lifters embodying his invention or improvement, until long after he had consulted counsel, and had taken steps towards applying for his reissue; that in making the application for the reissue, he presented to the patent-office a full sworn statement connected with his applying for and obtaining the original patent, and of his delay in applying for the reissue; that his application was rejected on the ground that he failed to make a sufficient explanation or excuse for the delay in making it, but, on appeal, this decision was reversed by the examiners in chief, on the ground that the complainant had satisfactorily explained such delay, and that he was entitled to a reissue with enlarged claims; that he was the first inventor of the improvement described in his reissued patent; that it is good in law, and, so far as he knows or believes, the public has generally acknowledged its validity; that it is of great value, and he has long been engaged in making and selling transom-lifters embodying his invention; that the defendant, without right, has made, used, and sold, and continues to make, use, and sell, transom-lifters embodying the invention described in the reissued patent, and claimed in the third, fourth, fifth, sixth, and ninth claims thereof.

Copies of both the original and reissued patents are made parts of the bill. With the exception of five additional claims in the reissued patent, it is in all respects, substantially like the original. The suit is brought to enjoin the defendant from infringing the third, fourth, fifth, sixth, and ninth additional claims in the reissue, and for damages. The defendant demurs to the bill for want of equity.

The reissue was applied for more than eight years after the original patent was granted. Does the bill sufficiently explain this long delay? It is contended by the complainant's counsel that a reissue may be applied for and granted at any time before the expiration of a patent, and even during the extended term, provided adverse rights have not intervened. This view certainly finds no support in *Miller* v. *Brass Co.* 104 U. S. 350. When an inventor receives his patent, it is his duty to examine it promptly, see that his invention is properly described, and that his claims are broad enough to embrace it in all its scope. If, upon a mere reading of his patent, it is obvious that he is entitled to a reissue with broader and more comprehensive claims, he must make his application speedily. Failure to do this is a dedication to the public of so much of his invention as is not covered by his claim. The rule of laches is strictly applied in such cases. Speaking of delay in asking for a reissue to enlarge the scope of the patent,

the court, in *Miller* v. *Brass Co., supra,* say: "And when this is a matter apparent on the face of the instrument, upon a mere comparison of the original patent with the reissue, it is competent for the court to decide whether the delay is unreasonable, and whether the reissue was therefore contrary to law and void." The bill shows no excuse for the long delay in applying for the reissue. The complainant slept upon his rights, and I think the claims which the defendant is alleged to have infringed are void. The demurrer is therefore sustained, and the bill is dismissed for want of equity.